UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CHELSEA SPRAGUE,

        Plaintiff,

   v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]

        Defendant.

Case No. 3:12-cv-00780-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

After obtaining a reversal and remand of the Commissioner's final decision for an award of benefits, plaintiff, Chelsea Sprague ("Sprague"), now seeks an award of attorney fees in the amount of $9,973.31 pursuant to the Equal Access to Justice Act, 28 USC § 2412(d) (docket #22). The Commissioner does not contest Sprague's right to recover EAJA fees as the prevailing party, but objects on the basis that the amount requested is unreasonable for a routine Social Security matter.

EAJA requires an award of attorney fees to prevailing parties in civil actions against the United States unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 USC

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to FRCP 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

1 – OPINION AND ORDER

§ 2412(d)(1)(A).  However, such an award must be reasonable.  *28 USC § 2412(d)(2)(A)*.  The party requesting attorney fees must submit an "itemized statement" from the attorney, which shows the rate and the "actual time expended."  *28 USC § 2412(d)(1)(B)*.  "Counsel has an obligation to make a 'good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'"  *Harden v. Comm'r Soc. Sec. Admin.*, 497 F Supp2d 1214, 1215 (D Or 2007), quoting *Hensley v. Eckerhart*, 461 US 424, 434 (1983).

Sprague's attorney spent a total of 54 hours from April 2012 through May 2013 on Sprague's claim for SSI benefits for the period November 2008 through January 2011.  The size of the record (692 pages) was not extensive, given that roughly 60% of it consisted of fairly legible medical evidence, and the issues were not novel.  As a result, , the Commissioner contends that the number of requested hours should be reduced.

"Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."  Costa v. Comm'r of Soc. Sec. Admin., 690 F3d 1132, 1136 (9th Cir 2012).  However, "[d]istrict courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases."  *Id* at 1137.  Rather, the inquiry into the reasonableness of a fee request must be based on "case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained."  *Id* at 1136.

Given that Sprague's attorney has significant experience in Social Security law and has represented her client since July 2009 at the administrative level, the Commissioner challenges the 38 hours spent on the Opening Brief of 30 pages, in particular:  (1) 10 hours spent to write a statement of facts in excess of 14 pages; (2) 2.8 hours to read the hearing transcript, read the ALJ's decision, and review the Appeals Council brief; (3) 4.7 hours to

research and outline arguments; and (4) the time spent for each argument (5.9 hours for the credibility argument, 3.5 hours for the lay witness statement argument, and 6.6 hours for the substantial evidence argument). In addition, the Commissioner objects to the roughly eight additional hours working on the Reply Brief of only six pages.

After reviewing the time records submitted and the pleadings, the Court concludes that the time requested to draft the Opening and Reply Briefs is reasonable. Sprague's claim involved many medical issues and a rare medical condition (Fanconi Anemia) that does not appear to have been addressed in any other published decision. Although the Statement of Facts in the Opening Brief was lengthy, it was very helpful to the Court by separating each mental and physical impairment with a chronological organization within each section. In fact, the Court's own Opinion and Order was quite lengthy. Given the delay between the hearing in November 2010 and the writing of the briefs on appeal nearly two years later, it was reasonable for Sprague's attorney to not simply rely on her memory, but to take adequate time to re-familiarize herself with the record. Even though she may have spent more time on each argument than other Social Security attorneys, she explains that she does limited work before this Court and does not have a significant "brief bank" from which to copy and paste arguments from other briefs.

The Commissioner also challenges the inclusion of various clerical tasks in the requested hours, in particular: (1) .1 hours on 14 separate occasions for receiving an electronic notice; and (2) 3.1 hours for filing tasks, some of which are grouped in with block billing entries (November 30, 2012,[2] and April 19, 2013) that include attorney tasks, such as editing and finishing a brief. Attorney fees must exclude time spent on clerical tasks such

---

[2] The Commissioner refers to the time entry on November 29, 2012, but that entry reads "revise and edit brief." It is the entry on November 30, 2012, that reads "finish and file."

3 – OPINION AND ORDER

as filing documents and preparing and serving summons. *See Missouri v. Jenkins by Agyei*, 491 US 274, 288 n10 (1989) (recognizing that the "dollar value [of non-legal work] is not enhanced just because a lawyer does it"); *Nadarajah v. Holder*, 569 F3d 906, 921 (9th Cir 2009) (holding that clerical tasks such as filing and organization "should have been subsumed in firm overhead rather than billed at paralegal rates"); *Brandt v. Astrue*, No. 08-0657-TC, 2009 WL 1727472, at *4 (D Or June 16, 2009) (finding that attorney time spent drafting and serving summons was non-compensable clerical work).

Sprague's attorney concedes that two entries in group a clerical task (filing) with an attorney task (revising and editing) for a total of 2.6 hours for a voluntary fee reduction of $481.69. With respect to reviewing electronic notices, she responds that they often include deadlines or require that action be taken by an attorney and, therefore, are not clerical matters. This Court agrees.

Therefore, the number of hours requested is reduced from 54 to 51.4 and the attorney fees from $9,973.31to $9,491.62.

## ORDER

Based upon the foregoing, Sprague's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (docket # 22) is GRANTED in part and DENIED in part. Sprague is awarded EAJA attorney fees in the amount of $9,491.62.

DATED this 20th day of September, 2013.

                                             s/ Janice M. Stewart_____
                                             Janice M. Stewart
                                             United States Magistrate Judge